## DRAKE v. NEWTON.

1. In forcible entry and detainer, the return endorsed on summons, "I have summoned the within named, &c., as within I am commanded, on, &c., by reading the same to them, and leaving with each of them a copy thereof," held sufficient.

2. A parol demise for a longer term than three years is void under the statute of frauds as a lease for that term, but it operates as a demise from year to year.

3. In forcible entry and detainer the defendant is precluded from setting up that the complainant's title is not such as he has set forth in his complaint.

4. The justice is not required to enter at large in his docket the oath administered to the jurors.

5. The complainant having entertained the jurors with eating and drinking during the progress of the trial, as well as at its close, the verdict, being in his favor, was set aside, and the judgment reversed.

On *certiorari* to Justice Boyd, of Warren, to remove a judgment in forcible entry and detainer.

The complainant obtained judgment below, whereupon the defendant sued out this writ. It was objected on the trial below, and urged here as a ground of reversal, that the return to the summons was insufficient. The return was, " I have summoned the within named, &c., as within I am commanded, on, &c., by reading the same to them, and leaving with each of them a copy thereof." It was said that the return did not show that the defendants had been served with a copy of the summons. The complainant's estate in the premises was alleged, in his complaint, to be an estate for years. On the trial, on cross-examination of one of the complainant's witnesses, it appeared that the complainant had entered on the premises under a parol lease, and that he was to hold for either three or five years. As more than three years had elapsed, it was urged that his estate had terminated, and a nonsuit was asked on the ground of the alleged variance, but which was refused. Another reason assigned for reversal, and urged, was that the justice had simply entered in his docket that the jury were duly sworn, and had not entered the form of the oath at large, as administered.

Lastly, it was assigned for error that during the progress of the trial, and at its termination, the jurors were entertained

both with eating and drinking, at the expense of the complainant. Depositions were read in support of this reason.

Argued before Justices CARPENTER and RANDOLPH.

*J. Wilson*, for plaintiff in *certiorari* ; *Shipman*, contra.

CARPENTER, J., delivered the opinion of the court.

Some technical objections are raised, which we deem insufficient to disturb the judgment. The act requires the service of the summons to be in a particular mode, but it does not require the return to be in any particular form. The bad grammar of the sheriff will not vitiate the return where the meaning is perfectly obvious, and it appears on the face of the return that the summons has been duly served in the mode prescribed.

There was no variance, and the justice properly refused to nonsuit. The effect of the statute is, that a parol demise for a longer term than three years is void as a lease for that term, but it operates as a demise from year to year. *Rev. Stat.* 503, § 9, copied from 29 *Car.* 2, *ch.* 3, § 1 ; *Doe* v. *Bell*, 5 *T. R.* 471 ; *Clayton* v. *Blakey*, 8 *T. R.* 3.

But it may be added, the evidence came out in cross-examination, and was clearly inadmissible. Although the act under which the proceeding took place requires the estate of the complainant in the premises to be set out in his complaint, it also expressly enacts that the estate or merits of the complainant's title shall in no wise be inquired into. The defendant then is precluded from setting up that the complainant's title is not such as he has set forth in his complaint. It was so held by Justice Ryerson, in a case cited on the argument, who said the court would not reverse for such variance, though it appeared by the entry made by the justice, who had recorded the evidence in his docket. He said that, as the evidence ought not to have been received, the entry might be treated as surplusage. *Applegate* v. *Applegate*, 1 *Harr.* 323.

Again, as to the exception in regard to the oath administered by the jury. The justice has certified that they were duly sworn, and the act does not require him to enter the form at large in his docket.

But a more important reason assigned for error is in relation to the alleged misbehavior of the complainant towards the jury. In courts possessing the power of granting new trials, matters of this kind are relieved against by an application to the court in which the trial was had to set aside the verdict; as justices of the peace do not possess the same power to control verdicts, from the necessity of the case, redress is given in this court under this writ.

The trial took place at the inn of one Jacob Clawson, in Hackettstown, and was not concluded until near the middle of the night. Supper was prepared for the jurors, of which they partook before the conclusion of the trial. Other refreshments were also furnished, perhaps subsequently, but in both cases the expense was defrayed, as to most of the jurors, by the complainant. The cause was adjourned for supper, and the meal was taken before the arguments of counsel were concluded. By whose directions and under what circumstances the meal was prepared, does not fully appear from the depositions; but, at some period during the evening, the complainant declared he would pay for the supper and refreshments of the jurors, and directed the keeper of the inn to return their money to those who had already made payment. The only question made by the counsel of the defendant in *certiorari*, or which could be made under the evidence here produced, is whether the public declarations of the complainant were made before or after the termination of the trial. The supper, if not the liquor and other refreshments, was furnished before the conclusion of the trial, and it will certainly lie on the complainant to prove the truth of the allegations upon which he relies to show that these civilities and attentions were innocently bestowed, and under circumstances not calculated to prepossess the minds of jurors in his favor.

One witness, whose deposition is produced on the part of the plaintiffs in *certiorari*, expressly testifies that immediately on the conclusion of the supper, and before the trial was resumed, the complainant publicly said to the innkeeper that he would pay for the supper, and directed him to return the money already paid by some of the jurors. Two or three wit-

nesses, whose depositions are produced on the other side, go no farther than this: that they were present at the time, and heard no declaration of the kind, which one says he thinks he would have heard, if then made publicly. The witness, however, stands unimpeached, and his testimony untouched by any express contradiction. Taking his testimony as true, the verdict of the jury, which was for the complainant, cannot be supported. *B. N. P.* 308, 326; *Co. Lit.* 227, *b;* 21 *Vin.* 448; 1 *Hill* 207.

It is not entirely clear whether we ought to sustain this verdict, even laying aside the evidence of the witness alluded to. The supper was in fact furnished to the jurors before they retired to deliberate on their verdict, and the expense defrayed by the complainant. Not only did this occur, but immediately on the rendition of the verdict, if not before, the complainant was guilty of the great impropriety of treating the jurors with liquor, as if in reward for the verdict just rendered. We wish to express our disapprobation of such practices, which are calculated to bring suspicion and reproach upon the administration of justice in those courts in which they occur. It is the duty of the court to hold a strict rein over the conduct of parties, and to guard the purity of the trial by jury with the utmost circumspection. A party must not be permitted, directly or indirectly, to prepossess the minds of jurors by unusual civilities, or in any other mode, during the progress of the trial. The offer of such attentions at its close, and the expectations created by the practice, can scarcely be considered less dangerous and reprehensible.

But, placing our judgment upon the ground before considered, we are of opinion that the judgment must be reversed.

RANDOLPH, J., concurred

Judgment reversed.